UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARON M OLIVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIM ROWLEY, and HEATHER (MANAGER),<br><br>　　　　Defendants. | Case No. 1:24-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Daron M. Oliver's application for leave to proceed *in forma pauperis* (Dkt. 1). For the reasons set forth below, the Court will grant his IFP application but dismiss his complaint with leave to amend.

## DISCUSSION

### A.　The IFP Application

Oliver, proceeding pro se, has conditionally filed a complaint against Defendants Jim Rowley and Heather (Manager).[1] *See Compl.*, Dkt. 2. Oliver did

---

[1] Oliver does not provide a last name for Heather.

**MEMORANDUM DECISION AND ORDER - 1**

not pay the usual filing fee due when filing a complaint in federal court. Instead, he asks the Court to allow him to proceed *in forma pauperis* (without payment of fees). *See IFP Application*, Dkt. 1.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citations omitted). The granting or denial of leave to proceed IFP in civil cases is within the district court's sound discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court reviewed Oliver's affidavit and finds that it sufficiently states facts supporting his poverty. The Court will, therefore, grant his IFP application.

### B.  Screening Order

Because Oliver is seeking to proceed *in forma pauperis*, the Court is required to screen the complaint under 28 U.S.C. § 1915, which requires the Court to dismiss a case if the Court determines that the case is "(i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

### 1. The pleading standard

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs – represented or not – must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

MEMORANDUM DECISION AND ORDER - 3

1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

### 2. Screening of Complaint

#### a. Failure to Comply with Rule 8(a)

As set forth above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, the complaint must demonstrate that each named defendant personally participated in the deprivation of the plaintiff's rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is so confusing that "its true substance, if any, is well disguised." *Bailey v. BAC Home Loan Servicing, LP*, No. CIV. 11-00648 LEK, 2012 WL 589414, at *1 (D.

MEMORANDUM DECISION AND ORDER - 4

Haw. Feb. 21, 2012) (quoting *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131 (9th Cir. 2008)); *see also McHenry v. Renne,* 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory").

Although Oliver's complaint is not too lengthy or verbose as to violate the basic principles of Rule 8(a), it is confusing, vague, and replete with errors—so much so that the Court finds that its true substance is nearly impossible to determine. *See, e.g., Compl.* ¶ 11, Dkt. 2 ("As part of the promotion process for the Conductor position HEATER THE MANAGER, plaintiff was discharged and threaten call police IF plaintiff return to location Idaho fitness under CRUNCH CORPRATION and all other locations under CRUNCH CORPRATION throughout international countries.") (verbatim); *id.* ¶ 18 ("estranged person confronted with the alleged results of the estranged light skin baby girl, plaintiff ever having baby girl unconformable") (verbatim). From the best that the Court can discern, Oliver is attempting to make a wrongful termination claim. Throughout the complaint, however, Oliver refers to himself as both "cleaner,"

MEMORANDUM DECISION AND ORDER - 5

"customer," and mentions a promotion process for a "conductor" position.

It goes without saying that being a "customer" cannot be the basis for a wrongful termination claim. It also appears that Oliver's alleged employment with Crunch Corporation ended in February 2021, but almost all the factual allegations in the complaint occurred long after his employment ceased. *See id.*, ¶ 24. Not only do the allegations not relate to any possible employment, but it is also unclear what the "conductor" position could be, or how it could possibly relate to Oliver's employment that ended months earlier. Simply put, the Court is unable to discern what happened, who was involved, and on what basis Oliver is seeking relief. Thus, Oliver has failed to meet the most basic requirements of Rule 8(a).

Despite finding that Oliver's complaint fails to comply with Rule 8(a), it will nevertheless address what it believes Oliver's claims may be in order to provide guidance for any potential amendment.

      b. *Failure to State a Claim for Relief*

In his complaint, Oliver attempts to make four claims. Although Oliver alleges violations of both the United States Constitution and the Idaho Constitution, the underlying basis for all his claims is the improper discharge of a "class civil service position" under the "Civil Service Law of the State of Idaho." *See Compl.* ¶¶ 29-33, Dkt. 2 (claiming that the failure to provide a fair and

impartial hearing prior to the discharge of a class civil service position deprived Oliver of a "property interest in a tenured civil service position" and the "equal protection of the laws guaranteed" under the Fifth and Fourteenth Amendments of the United States Constitution and the Idaho State Constitution). However, as discussed below, Oliver has failed to sufficiently allege that he is entitled to any of the protections he claims he is.

At the onset, it is unclear exactly what Oliver is referring to as the "Civil Service Law of the State of Idaho." *Compl.* ¶ 29, Dkt. 2. The Court assumes that Oliver is referring to Idaho Code § 50-1601 *et seq*. Those statutes control various aspects of a city's Civil Service Commission. Importantly, the statutory civil service scheme governs "employees" of cities. *Int'l Ass'n of Firefighters, Loc. No. 672 v. City of Boise City*, 30 P.3d 940, 944 (Idaho 2001). It "does not address employer-employee relationships between cities and private individuals or entities or other governmental entities." *Id.*

Oliver claims that the "position of Cleaner AND Customer is a classified civil service position in the competitive civil services class pursuant to law and the rules and regulations of City Civil Service Commission." *Compl.* ¶ 9, Dkt. 2 (verbatim). But Oliver's conclusory statement is at odds with the allegations in his complaint. *Vaughn*, 649 F.3d at 1064 (The Court is not required to "assume the

**MEMORANDUM DECISION AND ORDER - 7**

truth of legal conclusions merely because they are cast in the form of factual allegations."). First, Oliver fails to allege that Crunch Corporation is a municipal entity or that he was somehow an employee of the City of Boise. Rather, Oliver alleges that Crunch Corporation is a public benefit corporation organized for the purpose of running Idaho Fitness facilities. *Compl.* ¶ 4, Dkt. 2.[2] Equally as important, the City of Boise does not appear to have currently adopted a civil service system. *See, e.g., Int'l Ass'n of Firefighters, Loc. No. 672*, 30 P.3d at 944 ("Adoption of a civil service system is voluntary and not required either by statute or by the Idaho Constitution."). Thus, it is unclear how Oliver could be considered a civil servant or be provided the protections of Idaho's statutory service scheme.

Similarly problematic, Oliver fails to allege any facts regarding the circumstances surrounding the actual termination of his employment. While there are allegations that appear to depict some sort of altercation between himself and Crunch Corporation—via "Heather the manager"—those allegations appear to have taken place after July 2023, more than two years after Oliver's employment

---

[2] Interestingly, there are no filings with the Idaho Secretary of State that confirm Oliver's allegations that Crunch Corporation is even an entity formed in the State of Idaho. *See Motul S.A. v. USA Wholesale Lubricant, Inc.*, No. 4:22-CV-04841-JSW, 2023 WL 5061945, at *4 (N.D. Cal. Aug. 8, 2023) ("Filings with the California Secretary of State are also proper subjects of judicial notice because they are matters of public record whose accuracy is not subject to reasonable dispute.").

**MEMORANDUM DECISION AND ORDER - 8**

ended. *See Compl.* ¶ 24, Dkt. 2. (Oliver alleges that his employment ended in February 2021).

To compound the timeline issues, Oliver alleges no conduct that connects the named defendants to his employment or its termination. As mentioned, Oliver is bringing this lawsuit against Jim Rowley and Heather. The complaint, however, contains no allegations involving Mr. Rowley, and the only allegations regarding Heather occurred years after his employment ended.[3]

In sum, Oliver's complaint is too confusing and replete with errors to understand the true substance of his complaint. Moreover, even giving Oliver the benefit of any doubt, his complaint fails to allege that he is protected by the statutory scheme on which all his claims are based. Thus, regardless of Oliver's failure to abide by Rule 8, the Court would similarly dismiss his complaint for failure to state a claim after its initial screening.

### 3. Leave to Amend

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard should be "applied with extreme liberality,"

---

[3] Notably, Oliver has not named Crunch Corporation itself as a defendant.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), and leave should only be denied when "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Although the Court has grave concerns about Oliver's ability to sufficiently allege a viable claim, the Court will grant leave to amend. The Court bases this conclusion predominately on its inability to understand the majority of the complaint. Without a clearer understanding of the fundamental aspects of Oliver's claims, the Court cannot definitively say that Oliver cannot save his complaint.

If Oliver chooses to file an amended complaint, the amended complaint must comply with Rule 8(a) by containing a short and plain statement of the facts showing that he is entitled to relief. This short and plain statement must clearly and understandably describe what each defendant allegedly did or did not do to create liability under the alleged claims. Additionally, Oliver must allege the essential facts that provide a clear path to establishing his claims. Oliver should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**MEMORANDUM DECISION AND ORDER - 10**

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** with leave to amend.

3. Any amended complaint must be filed within 30 days of this order. If no amended complaint is filed, the case will be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this matter.

DATED: June 4, 2024

B. Lynn Winmill
U.S. District Court Judge