UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARON MICHAEL OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>JIM ROWLEY, CEO CRUNCH CORPORATION, and HEATHER (MANAGER),<br><br>Defendants. | Case No. 1:24-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Daron Michael Oliver's Statement of Claim (Dkt. 5). The Court understands this filing to be an amended complaint and will construe it as such. The Court has already granted Mr. Oliver's request to proceed *in forma pauperis* and his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). *See* Dkt. 4. For the reasons discussed below Mr. Oliver's Statement of Claim will be dismissed without leave to amend.

## LEGAL STANDARD

Because Mr. Oliver is proceeding in forma pauperis, the Court will screen the amended complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it

MEMORANDUM DECISION AND ORDER - 1

determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**MEMORANDUM DECISION AND ORDER - 2**

The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## ANALYSIS

The Court previously dismissed Mr. Oliver's Complaint with leave to amend and instructed that any amended complaint must comply with Rule 8(a). Dkt. 4 at 10. More specifically, the Court explained that the complaint should "clearly and understandably describe what each defendant allegedly did or did not do to create liability under the alleged claims." *Id.* Mr. Oliver has not met this burden.

Indeed, it is difficult to discern either the legal or factual basis for Mr. Oliver's claim. His original complaint attempted to invoke Idaho Code § 50-1601 *et seq*, which control cities' Civil Service Commissions. Dkt. 4 at 7. Again, these statutory provisions apply only to employees of cities, not private individuals or entities. *Id.* (citing *Int'l Ass'n of Firefighters, Loc. No. 672 v. City of Boise City*, 30 P.3d 940, 944 (Idaho 2001)). Mr. Oliver's original complaint contained no allegations suggesting he was a city employee and, importantly, the defendants against whom he seeks these protections are not cities. The amended complaint suffers from the same deficiencies—Mr. Oliver has alleged no facts suggesting he is a city employee or that civil service protections would apply to him.

**MEMORANDUM DECISION AND ORDER - 3**

Moreover, the amended complaint contains even fewer allegations than Mr. Oliver's original complaint. It references no legal authority for his claim against either defendant and contains only a single paragraph of factual allegations. Dkt. 5. The factual allegations are so minimal that the Court is unable to even guess what Mr. Oliver's legal theory may be. The amended complaint states that he received a text from an unknown person cancelling his Crunch gym membership and stating that if he returned, they would call the police. *Am. Compl.*, Dkt. 5. He also mentions allegations of sexual harassment and another incident, but those statements are untethered to any other facts. *Id.* He requests that the Court order Crunch to open an investigation into the harassment claim and pay damages. *Id.* These allegations are insufficient to state a claim.

The absence of any clear legal or factual basis for any claim against either defendant prevents the Court from meaningfully screening Mr. Oliver's complaint. As such, the Court will dismiss the complaint without leave to amend and without prejudice. Mr. Oliver has completely failed to allege a single cognizable cause of action against any defendant despite instructions from the Court as to the requirements of Rule 8(a). *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) ("The trial court's discretion to deny the motion [to amend] is particularly broad where, as here, a plaintiff previously has been granted leave to

**MEMORANDUM DECISION AND ORDER - 4**

amend."). The Court is convinced that a second opportunity to amend his complaint will fare no better than the first attempt.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Amended Complaint (DKt. 5) is **DISMISSED without leave to amend and without prejudice.**

2. The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by U.S. Mail.

DATED: May 1, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5